IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| CARL SANDERS, 14019012, ) | |
|         Plaintiff, ) | |
| v. ) | No. 3:14-CV-1944-P |
| ) | |
| RAMON SALGADO, ) | |
|         Defendant. ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and an order of the District Court, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge follow:

**BACKGROUND**

Plaintiff, a state prisoner, filed this complaint pursuant to 42 U.S.C. § 1983. He is proceeding *pro se* and the Court has granted him leave to proceed *in forma pauperis*. Defendant is Dallas police officer Ramon Salgado. The Court has not issued process pending judicial screening.

Plaintiff claims Officer Salgado filed a false police report and falsely arrested him for drug possession. Plaintiff was convicted of the drug charges. Plaintiff also claims Officer Salgado stole his property.

Plaintiff seeks an order reversing his conviction, money damages and compensation for his stolen property.

**SCREENING**

A district court may summarily dismiss a complaint filed *in forma pauperis* if it

**Findings, Conclusions and Recommendation**
**of the United States Magistrate Judge**      Page -1-

concludes the action is : (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). To state a claim upon which relief may be granted, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face[,]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level . . . ." *Id*. at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.*"* *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009). While a complaint need not contain detailed factual allegations, the plaintiff must allege more than labels and conclusions. *Twombly*, 550 U.S. at 555.

## DISCUSSION

1.     *Heck v. Humphrey*

Plaintiff's claims challenging his arrest and conviction are barred by the Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477 (1994). That decision holds that a prisoner cannot bring a § 1983 action challenging his conviction or confinement unless and until the reason for his continued detention has been reversed on direct appeal, expunged by executive order, or otherwise declared invalid by a state tribunal or federal court. *Heck* also bars damage claims, which, if successful, would necessarily imply the invalidity of a conviction or pending charge. *Hamilton v. Lyons*, 74 F.3d 99, 103 (5th Cir. 1996).

In this case, Plaintiff has not shown that his drug conviction has been reversed or declared invalid. Hence, no § 1983 cause of action has yet accrued and these claims should be dismissed with prejudice until the *Heck* conditions are met. *See Johnson v. McElveen*, 101 F.3d 423, 424

(5th Cir. 1996) (stating dismissal should be with prejudice until *Heck* conditions are met).

**2.    Theft**

Plaintiff alleges Officer Salgado stole his property. Plaintiff's claim is barred by the *Parratt/Hudson* doctrine. *See Hudson v. Palmer,* 468 U.S. 517, 534-35, 104 S.Ct. 3194, 3204 (1984); *Parratt v. Taylor,* 451 U.S. 527, 543, 101 S.Ct. 1908, 1917 (1981) (*overruled in part not relevant here, Daniels v. Williams,* 474 U.S. 327 (1986)). According to this doctrine, a negligent or even an intentional deprivation of property by state officials that is unauthorized does not rise to the level of a constitutional violation or a cognizable claim under 42 U.S.C. § 1983 if state law provides an adequate post-deprivation remedy. *See Hudson,* 468 U.S. at 533-34; *see also Stotter v. University of Texas at San Antonio,* 508 F.3d 812, 821 (5th Cir. 2007) (explaining the *Parratt/Hudson* doctrine). It is well established that Texas state law provides an adequate post-deprivation remedy. *see Murphy v. Collins,* 26 F.3d 541, 543 (5th Cir. 1994) ("the tort of conversion fulfills this requirement [of an adequate post-deprivation remedy]"). Thus, Plaintiff's claim should be dismissed.

**RECOMMENDATION**

The Court recommends that: (1) Plaintiff's claims challenging his arrest and conviction should be dismissed until the *Heck* conditions are met; and (2) Plaintiff's theft claims should be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2).

Signed this 11th day of June, 2014.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).